# John Collins, Plff. in Err, v. Charles Large.

Where a wife acquires land subject to a mortgage, all rights of her husband therein are devested by a sheriff's sale of land under the mortgage.

(Decided November 9, 1885.)

Error to the Common Pleas, No. 1, of Allegheny County to review a judgment for plaintiff in ejectment, rendered on a verdict directed by the court. Affirmed.

The land in question was purchased in 1873 by Mrs. Collins, wife of the plaintiff herein, from J. S. Strickler, for the consideration of $15,000. At that time it was subject to a purchase-money mortgage of $7,000 given by a previous grantor. In January, 1884, this mortgage was assigned to Charles Large, it having been reduced by payments to $552.50. Large commenced proceedings to foreclose it, and recovered judgment by default without notice to John Collins, who was in possession and cultivating the land as his own. A levari facias was issued on the judgment, and Charles Large became the purchaser at the sheriff's sale, for $50. Large brought proceedings before an alderman of Pittsburgh under act of June 16, 1836, against John Collins to obtain possession of the land.

Collins appeared and made oath that he did not come into possession and did not claim to hold the land under the defendant in the execution, but in his own right; and, having entered into the recognizance required by said act of assembly, the cause was certified by the magistrate to the court of common pleas. A declaration in ejectment was filed, to which the defendant pleaded "not guilty."

NOTE.—Though the husband has an estate by curtesy in land of which his wife dies seised, yet he does not where it was sold by the sheriff (Wells v. Bunnell, 160 Pa. 460, 28 Atl. 851); or where the title has been lost by adverse possession during the lifetime of the wife. Crow v. Kightlinger, 25 Pa. 343. Or it may be lost by the receipt of the proceeds of a mortgage upon the land by the wife for her husband's benefit, where the sum received was greater than the value of the curtesy estate (Shippen's Appeal, 80 Pa. 391); or where the land was sold by the wife and the proceeds divided at her death between the husband and a child. Johnson v. Fritz, 44 Pa. 449. So, the interest of the curtesy estate may first be applied to the satisfaction of indebtedness due by the husband to the wife's estate until paid. Lewis's Estate, 13 Pa. Co. Ct. 191, 2 Pa. Dist. R. 668.

Defendant's evidence at the trial was to the effect that the assignment of mortgage and all proceedings were instigated by Mrs. Collins to oust John Collins, her husband; and he claimed to hold such land by right of curtesy initiate. Defendant's points, which were refused by the court, were as follows:

1. If Mrs. Collins, the wife of defendant, acquired title to the land in controversy in 1873, under the deed in evidence from J. S. Strickler and wife, her husband, John Collins, the defendant thereupon became entitled to the possession thereof as tenant by the curtesy initiate, and would continue to be entitled to such possession so long as he might live, and she should continue to be his wife and the owner thereof; and her ownership and title thereto were not devested by the sheriff's sale of the property to Charles Large, if she, directly or indirectly, advanced the purchase money and if the sale was made to Large under an arrangement by which he was to hold the same for her use and benefit.

2. If the jury find that the assignment of the mortgage to Charles Large and the sheriff's sale thereunder were procured and caused to be made at the instance and for the use and benefit of Mrs. Collins, defendant's wife, for the purpose and by means of the proceedings now on trial, to put the defendant out of possession of the land in controversy, then the plaintiff cannot recover in this action and the verdict must be for defendant.

By instruction of the court verdict was found for plaintiff, and defendant brought error.

*John Barton* and *Thos. C. Lazear* for plaintiff in error.

*John R. Large* for defendant in error.

PER CURIAM:

We see no error in the charge, nor in the answers to the points submitted. The wife of the plaintiff in error had previously owned the land. All her interest therein was devested by the sheriff's sale to the defendant in error. Her husband never had any title which he can assert in this proceeding. The fact that he once had a right of curtesy initiate does not aid him here. She acquired and held the land subject to the mortgage on which the sheriff's sale was made. When her title was devested, all his interest fell with it. He now has none which he can interpose against the purchaser at the sheriff's sale.

Judgment affirmed.